**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12337

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TERRIL KINCHEN,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20119-DMM-4

————————————————

Before BRANCH, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Terril Kinchen appeals the denial of his motion for compassionate release. The government moved for summary affirmance.

After careful review, we grant the government's motion and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2015, Kinchen joined a gang of armed robbers that wreaked havoc on Miami. The gang robbed drug dealers and distributed their drugs for money. And they robbed several legitimate businesses too.

As part of the gang, Kinchen robbed two businesses at gunpoint. During both robberies, Kinchen pointed a gun at employees and customers, demanding that they give him money. Beyond that, Kinchen also aided the other robberies by scouting potential victims, securing firearms, and distributing the narcotics they scored from robbing drug dealers.

Eventually, Kinchen and the other gang members were arrested and indicted on twenty-three federal charges stemming from their involvement in this conspiracy to commit armed robberies. Kinchen pleaded guilty to counts one, six, and twenty. Count one was for conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. section 1951(a). And counts six and twenty were for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A)(ii).

The probation office prepared a presentence investigation report that detailed Kinchen's extensive criminal history. At the time of his arrest, Kinchen had pending state charges for attempted premeditated murder with a deadly weapon and for possessing a firearm as a felon. Those charges stemmed from a drive-by

shooting where Kinchen quickly exited a vehicle, fired his handgun several times at the victim, and then got back in and sped away from the scene. A surveillance camera recorded the incident, and law enforcement located the vehicle and arrested Kinchen shortly after it happened.

Since 2005, Kinchen has been convicted of grand theft (twice), cocaine possession with intent to distribute, marijuana possession with intent to distribute, battery (twice), domestic battery (three times), "throw[ing] a deadly missile," aggravated assault with a deadly weapon, discharging a firearm in public, and burglary of an unoccupied dwelling. One of the domestic battery charges involved Kinchen punching the mother of his four-month-old son in the face and throwing a rock at her. Another one involved Kinchen, who was armed with a handgun, threatening to kill the same woman and firing a shot into the air. These charges led to a category VI criminal history. Based on his criminal history, a 29 total offense level, and his career offender status, the guideline range was 535 to 572 months in prison.

But because the parties agreed to a 420 months' imprisonment sentence as part of the written plea agreement, the district court varied downward from the guideline range and sentenced Kinchen to 420 months' imprisonment followed by 60 months' supervised release. We affirmed Kinchen's convictions and sentence on appeal. *See United States v. Kinchen*, Case No. 17-10849, 2018 WL 11422081, at *1 (11th Cir. May 7, 2018).

Then Kinchen moved for compassionate release. He argued the sentencing guidelines have changed since his sentence and, therefore, his sentence was unusually long compared to what it would have been today. The district court denied his motion for three reasons: (1) his sentence wasn't unreasonably long compared to what it would have been today; (2) the 18 U.S.C. section 3553(a) factors didn't weigh in his favor; and (3) he posed a danger to the community given his extensive criminal history. Kinchen appeals that ruling.

## STANDARD OF REVIEW

We review a district court's denial of compassionate release for an abuse of discretion. *See United States v. Tinker*, 14 F.4th 1234, 1237 n.1 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation omitted). "[S]ummary disposition is necessary and proper" where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

## DISCUSSION

Kinchen argues the district court erred in denying his motion for compassionate release because a change in the sentencing guidelines rendered his sentence unusually long compared to what it would have been today and because his good behavior in prison

shows that the section 3553(a) factors weigh in favor of release and he no longer poses a danger to the community.

Generally, district courts can't modify a defendant's sentence without statutory authorization. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (citation omitted). The compassionate release statute, 18 U.S.C. section 3582(c)(1)(A), provides limited statutory authority to do so if the district court makes three findings. *Id.* (citation omitted). First, the district court must find an "extraordinary and compelling reason" for granting relief. *Id.* Second, the district court must find that the section "3553(a) factors weigh in favor of" relief. *Id.* And third, the district court must find that granting relief "is consistent with applicable policy statements issued by the Sentencing Commission." *Tinker*, 14 F.4th at 1237 (quoting 18 U.S.C. § 3582(c)(1)(A)). As relevant here, the Sentencing Commission's policy statement requires district courts to find that the defendant no longer poses a danger to the community. *Id.* (citing U.S.S.G. § 1B1.13(a)(2)). A district court can't grant relief unless all three findings are made. *Giron*, 15 F.4th at 1347.

The government is clearly right as a matter of law that the district court did not abuse its discretion in finding that Kinchen posed a danger to the community. He was convicted for his involvement in a dangerous gang of armed robbers. Kinchen played an active role in the gang by committing two armed robberies and aiding several others. He also has several previous convictions for violent crimes, including battery (twice), domestic battery (three times), "throw[ing] a deadly missile," aggravated assault with a

deadly weapon, and discharging a firearm in public. And at the time of his federal indictment, he had a pending attempted premeditated murder charge for firing a gun at someone during a drive-by shooting. So there was more than enough evidence in the record to support the district court's finding that Kinchen posed a danger to the community.

In response, Kinchen cites his positive disciplinary record in federal prison in support of his argument that he no longer poses a risk to the community. But his record isn't spotless. He was sanctioned for being insolent to a staff member and lost privileges because of the incident. And even if his record was spotless, that wouldn't mean the district court abused its discretion in concluding that he posed a danger to the community. Kinchen's extensive criminal history involving violent crimes coupled with his persistent use of firearms during those violent crimes gave the district court all it needed to find that he posed a danger to the community.

**SUMMARY AFFIRMANCE MOTION GRANTED; AFFIRMED.**